## Kelly v. Phillips Gas & Oil Company, Appellant.

*Contracts—Leases—Oil and gas lease—Location of wells—Violation of lease by lessee—Equity—Injunction.*

Where an oil and gas lease provided that the lessor shall have "free use and enjoyment of the premises except the parts necessary for drilling and operating and no wells to be drilled within 200 feet of the buildings now on the lease without the consent of" the lessor, and thereafter, the lessee, notwithstanding objections by the lessor, drilled an oil well within 200 feet of a house erected thereon, it was properly enjoined from making use of the well.

Argued Oct. 2, 1918. Appeal, No. 177, Oct. T., 1918, by defendant, from decree of C. P. Clarion Co., Dec. T., 1916, No. 3, awarding injunction, in case of J. M. Kelly v. T. W. Phillips Gas and Oil Company. Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear in the following findings of facts and conclusions of law of SLOAN, P. J.:

1. That the plaintiff is a resident of Limestone Township, Clarion County, Pennsylvania. Answer: Affirmed.

2. That the defendant, the T. W. Phillips Gas & Oil Company, is a corporation organized and existing under the laws of the State of Pennsylvania with its principal office at Butler, Pennsylvania. Answer: Affirmed.

3. That J. M. Kelly, the plaintiff, is the owner and in possession of the property, the subject of this suit, which is situate in Limestone Township, Clarion County, Pennsylvania, and bounded and described as follows: On the north by lands of Lizzie Smail, on the east by lands of

James Herman and Mrs. Martin Miller, on the south by lands of Frogtown School District and Heirs of Samuel Hepler, on the west by lands of Mrs. Smail, and containing eight acres, more or less. Answer: Affirmed.

4. That J. M. Kelly was the owner of the said premises on the 16th day of October, 1913, on which said day he executed and delivered a lease to the T. W. Phillips Gas & Oil Company therefor. Answer: Affirmed.

5. That the said lease contained, inter alia, the following provision:

"The said first party to have free use and enjoyment of the premises except the parts necessary for drilling and operating, and no wells to be drilled within two hundred feet of the buildings now on the lease without the consent of said first party." Answer: Affirmed.

6. That on the day of the execution and delivery of the lease for oil and gas purposes herein mentioned by plaintiff to defendant, there was located on the premises a dwelling house occupied by plaintiff with his family, and a barn and an outbuilding used by plaintiff. Answer: Affirmed.

7. That on the 4th day of October, 1916, defendant, by its workmen, agents, employees and contractors, went upon the premises and set a stake for the location of a well thereafter to be drilled on said premises within 153 feet of the house located thereon. Answer: Affirmed.

8. That immediately after the stake referred to in paragraph seven of these requests, the defendant, by its agents, contractors, employees and workmen, went upon the premises and caused to be erected thereon a derrick and to be drilled thereon a well for gas and oil purposes, which said well was drilled to the gas producing sand and completed on Sunday, November 19, 1916, and is within the area prohibited by the terms of the lease and less than 200 feet from the buildings that were on the lease on the 16th day of October, 1913, and which are the same buildings that are now on said premises. Answer: Affirmed.

9. That the plaintiff, on the 4th day of October, 1916, notified Mr. H. A. Fulton, who was in charge of the drilling operations of the defendant company on the said premises, that the rig that they were then about to construct was less than 200 feet from the buildings. Answer: Affirmed.

10. That J. M. Kelly, plaintiff, did not consent to the drilling of the well where it is now located and where it was drilled, which is less than 200 feet of the buildings on the premises. Answer: Affirmed.

11. That the drilling of said well and the operation thereof where located interfere with the free use and enjoyment of the premises by plaintiff. Answer: Affirmed.

12. That on October 4, 1916, at the time that the stake was set by J. A. Henninger for the location of the well which was thereafter drilled on the premises within 153 feet of the house located thereon, he, the said Henninger, being then and there the agent and employee of the defendant for the purpose aforesaid, knew that the said stake set for the location of the well was less than 200 feet from the buildings on the premises. Answer: Affirmed.

The plaintiff has filed eight requests for the conclusions of law, which requests and respective answers thereto are as follows:

1. The T. W. Phillips Gas & Oil Company, having undertaken to operate the premises under the lease of October 16, 1913, were bound to operate under the terms thereof, and could not lawfully, without consent of the lessor, drill a well within 200 feet of the buildings on the premises, nor could it lawfully interfere with the free use and enjoyment of that part of the premises by the lessor except in so far as the same be necessary for the operation (exclusive of drilling) of the leasehold estate in accordance with the usual and ordinary requirements in operations of that character. Answer: Affirmed.

2. The preponderance of the evidence in the case, establishing the fact that lessor protested against the drilling of the well where located prior to the time of the commencement of the drilling thereof, the defendant has no equity, now to claim, that, by reason of its expenditure of money, plaintiff is estopped from claiming his right to prohibit it from using the well for the purpose of taking gas from the premises. Answer: Affirmed.

3. The defendant entered upon the prohibited area with full knowledge of the fact that it was so doing, and was not induced either to begin or to continue the operation of drilling this well by any act or conduct on the part of the plaintiff; therefore, the taking possession of premises in the manner in which defendant so took possession was in violation of the contractual rights of the parties as set forth in the lease of October 16, 1913, and the occupation of the premises by the defendant was a trespass ab initio. Answer: Affirmed.

4. "Consent" implies some positive action involving submission and is used in cases of yielding that which the party has a right to withhold and supposes a physical power to act, a moral power of acting and a serious determination and free use of such powers. Answer: Affirmed.

5. The burden of proving that the lessor consented to the occupation of the premises and the drilling within the 200-foot limit set by the lease, is on the defendant, and it having failed to prove the fact by sufficient evidence, the court must grant the prayer of petitioner and an injunction must issue. Answer: Affirmed.

6. The possession of the defendant being a trespass ab initio and a continuing one, is the subject and within the scope of the equity powers of this court and an injunction will be granted. Answer: Affirmed.

7. The T. W. Phillips Gas & Oil Company, defendant, having violated the contractual relations between it and J. M. Kelly, the plaintiff, as in and by the conditions of the lease between the said parties is provided, should,

together with its agents and employees, be enjoined perpetually from going on the premises described in the said lease and bounded and described generally as follows: On the north by lands of Lizzie Smail on the east by lands of James Herman and Mrs. Martin Miller, on the south by lands of Frogtown School District and heirs of Samuel Hepler, on the west by lands of Mrs. Smail, and containing eight acres, more or less, for the purpose of laying lines to the well on said premises described, and from taking and carrying away, or in anywise interfering with the natural gas that is or may hereafter be produced from said well located less than 200 feet from the buildings on said tract of land. Answer: Affirmed.

8. The T. W. Phillips Gas & Oil Company, its agents and employees, shall be enjoined perpetually from in any manner interfering with the free use and enjoyment of the premises described in paragraph seven preceding as provided in the lease between the parties except the parts necessary for drilling and operating, and no wells to be drilled within 200 feet of the buildings now on the lease without the consent of first party. Answer: Affirmed.

The court dismissed the exceptions to the findings of fact and conclusions of law and awarded the relief prayed for. Defendant appealed.

*Errors assigned* were in dismissing exceptions to findings of fact and conclusions of law and the decree of the court.

*T. C. Campbell,* with him *F. Joseph Maffett* and *Harry M. Rimer,* for appellant.

*George F. Whitmer,* with him *A. A. Geary,* for appellee.

PER CURIAM, October 23, 1918:

The learned chancellor below properly found twelve facts, as requested by the appellee, and on them and the

eight legal conclusions which correctly followed them, the decree is affirmed at the costs of the appellant.